**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN A. WINDERWEEDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-1539 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| STATE OF ILLINOIS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

    Upon preliminary review of the filings on the docket to date, the Clerk is directed to remand this action forthwith to the Circuit Court of Lake County. It appears from the filings that Petitioner in federal court is also the Petitioner in state court and thus has attempted to effectuate the removal of a case that he initiated in state court. The removal rules do not permit such removals, as the parties permitted to remove cases are limited to "the defendant or the defendants." 28 U.S.C. § 1441(a); see also *First Bank v. DJL Props., LLC*, 598 F.3d 915, 916 (7th Cir. 2010) ("[A] litigant who files suit in state court is a 'plaintiff' and cannot remove the case."). The provision allowing for removals of certain civil rights cases similarly authorize removal only by "the defendant." 28 U.S.C. § 1443; see also *Turner v. Jackson Park Hosp.*, 314 F. App'x 879, 880 (7th Cir. 2009) (affirming dismissal of lawsuit for lack of subject-matter jurisdiction because "[a] plaintiff cannot 'remove' a state lawsuit to federal court" under 28 U.S.C. § 1443). Nothing in this order stands as a bar to Petitioner initiating a separate federal complaint if he can properly show the existence of a claim over which the federal courts have jurisdiction. However, the status hearing set for 4/23/2018 in this case is stricken and all deadlines in federal court are stricken.

Dated: April 2, 2018                    _____
                                                              Robert M. Dow, Jr.
                                                              United States District Judge