


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 3 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Cause No.: 1:18-cv-01539

| | |
|---|---|
| BENJAMIN A. WINDERWEEDLE, )<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF ILLINOIS, JULIA M. )<br>WINDERWEEDLE, NICOLE F. SLOBE, )<br>Respondents. ) | In a removal from the Circuit Court of the<br>19th Judicial Circuit of Lake County, IL<br><br>State court case number: 14-D-1411<br>("*Winderweedle vs. Winderweedle*")<br><br>Assoc. Judge Joseph V. Salvi, presiding<br><br>Hon. Robert M. Dow Jr. |

## Motion for Reconsideration

May it please the Court, I hereby must formally move the Court to reconsider and vacate its clearly erred single-page Order of remand of the instant removal – based upon the Court inexplicably mistaking this Petitioner as a plaintiff instead of defendant party as I am clearly listed, and also inexplicably overlooking two (2) clearly established federal jurisdictional claims (CCPA and FCA) independently raised – and for other statutory reasons and good cause, thusly:

ORDER OF REMAND UPON CLEARLY ERRED "PRELIMINARY REVIEW"

Also noting that the ultimate deadline for this Rule 59 motion includes the automatic three (3) day extension provided by Rule 6 because I was served of such April 2nd Order by postal mail, the Court clearly erred in its mere "preliminary review" to *sua sponte* remand the instant removal action based upon mistakenly calling me a plaintiff ineligible for removal.

First, the instant Petition for removal filed at outset of this case on March 1st, 2018 includes as **Exhibit A** – as all validly constructed removal actions are required to do by law – a copy of the instant state court case docket, which clearly shows on the face of the first page of same, that this Petitioner and Respondent Julia Winderweedle are *both* listed as *both* types of parties. *Id*.

1

The instant state court divorce action was opened and finalized ("final decree") *long ago*, and those original party positions were terminated *at that time*. AND THEN, individual Respondent Julia Winderweedle herein initiated NEW (and still endless) proceedings – as Counter Plaintiff against this undersigned as the Counter Defendant, my state court case party status *ever since*.

I am clearly listed and shown upon the face of the instant state court docket as the proper and fully eligible "defendant" party with which to remove under Section 1443, Chapter 89, Title 28.

Second, the Court's *sua sponte* Order of remand – based solely upon a perceived procedural defect of the very same mistaken identity issue above – was issued more than thirty (30) days subsequent to filing removal, and hence even if such procedural defect were actually true, which it clearly was not, then under well-established case law of the various sister Circuits, any and all such procedural defects are waived and unavailable to attack removal after the initial thirty days.

And third, **Dkt. #11** clearly shows and adequately describes my instant and directly-relevant Memorandum of Law in Support of Challenge to Unconstitutional Obstruction of Equal Access to 28 USC 1443 by Plaintiff Parties, because *not only* are there established by various statutes that different kinds of parties may certainly remove state cases, but within special Section 1443 removals, precisely because they are about NEW direct federal causes of action (making facial challenges to state statutes – *see* **Dkt. #9** herein), the entire notion of "defendant only" within special Section 1443 removals is truly a non-sequitur, *precisely* why I also filed my parallel direct facial challenge to that "defendant only" aspect of 28 USC 1443 – *see* **Dkt. #10** herein.

The Court's "preliminary review" in *sua sponte* "screening" of my paid case was not even warranted, let alone clearly mistaken, as not only am I the eligible "defendant" party within the instant state court, but I certainly did well above and beyond to address any and all "defendant only" issues in multiple formal manners, and procedural defects are unavailable after thirty days.

2

## CORE NATURE / ISSUES OF CASE

The same inexplicable Order of remand included the following equally mistaken statement: *"Nothing in this order stands as a bar to Petitioner initiating a separate federal complaint if he can properly show the existence of a claim over which the federal courts have jurisdiction."*

As filed initially and still now, this case already included and includes **three (3)** separate "core" issues. The **first** is the instant removal action, which is not a "normal" removal action under Section 1441 and similar sister statutes, but is a very special and much rarer type of civil rights removal filed under Section 1443. All "normal" types of removal *always seek to continue* the existing as-filed-in-state-court matters to their natural/logical conclusion under normal procedure, but with the overarching question of "better" or "best" or "original" jurisdiction in the federal court removed to. Removals filed under special, rarely-used Section 1443 are *mutually-exclusive* to "normal" removals in virtually all substantive and procedural respects, *and always seek to simply strike down* the entire state case for facial unconstitutionality *ab initio*, which is why the gravamen of every (valid) Section 1443 removal always is, and always must be, one (1) or more direct, facial challenges to state statutes and/or statutory schemes. *Without* inclusion of such formal facial constitutional challenge to statutes, such erred attempt at Section 1443 removal would be strictly invalid. Per the Supreme Court, special Section 1443 removals must proceed into the fact-finding phase of litigation *in order to even determine* "final removal" jurisdiction or not. *See* my parallel Request for Judicial Notice filed herewith. The **second** core issue herein is direct claims under the federal Consumer Credit Protection Act, which expressly prohibited the instant state court from ever "making, executing or enforcing" any family support orders for egregious cyclic monetary amounts exceeding the Congressionally-specified CCPA maximum limits. The Secretary of Labor has an optional right to intervene within CCPA claims.

3

15 USC § 1676. The **third** core issue herein is direct claims under the federal False Claims Act – as an unsealed *qui tam* action complaining, on behalf of the Federal Government, upon false and fraudulent claims for federal reimbursement funding illicitly obtained by the Respondents and/or by interrelated state actors. No sealing of the instant *qui tam* action was either necessary or appropriate to induce case delay, because all facts and aspects involved are *already* in the general public domain, hence while *qui tam* actions are normally sealed to allow for federal criminal investigators to *clandestinely* prepare their any parallel criminal indictments and/or informations on *hidden* information, such parallels are inapplicable herein. The Attorney General has "first right of refusal" to intervene into FCA claims. 31 USC § 3730. **Each** of the three (3) core issues regards both, the general statewide public interest, and violations of personal rights.

There is no diversity jurisdiction involved herein whatsoever.

There are no LLC parties, nor any Members of any LLC at all, involved herein whatsoever.

The *only* two (2) *possible* additional parties are the potential intervenors as above described, i.e., DOL Secretary Alexander Acosta (re: CCPA claims), and Attorney General Jeff Sessions (re: FCA claims); Secretary Acosta **was not** served, while AG Sessions **was** served (certified).

Formal, separate filing of my Demand for Jury Trial occurred simultaneously with initial case opening. **Dkt. #8**. *See* also and *cf.* to FRCvP Rule 81(c)(3) (jury trial demand in removals).

The *only* motion on file by any party, ever within this case so far, *was* your Petitioner's single original motion for certain preliminary relief in the alternatives, included/attached to my Notice Distinguishing Between the Two Basic Types of Removal (**Dkt. #15**), but due to sheer passage of time and present status of procedural Default by *all* Respondents, that motion is now made effectively moot, and there are no other pending related cases involving the parties in any other court, federal or state, except only the instant state court case removed itself.

4

### EXPRESS PROHIBITION AGAINST ERRED "DISMISSAL" OF THIS CASE

Even further, because this case specifically involves *bona fide* causes of action under the federal False Claims Act, the Court was and is expressly prohibited from terminating this instant federal case, until first the U.S. Attorney General has opportunity for his review and decision of whether to intervene or not, and regardless, the causes *still* proceed onward. 31 USC 3730(b)(1).

### ALL OTHER ISSUES RESERVED FOR BRIEFING UNDER RIGHT TO BE HEARD

If the Court has any other perceived concerns about propriety of the instant removal in regard to any possible constitutional, statutory, common law, and/or other legal issues, then Petitioner was already prepared to slam opposing counsel's any frivolous attempt to remand with the same additional constitutional, statutory, common law, and other legal arguments upon a wide variety of "the usual suspects" and so this Petitioner is compelled to claim reservation for and provide briefing to this Court upon any question or issue or concern that it may have, whatsoever, before any other mistaken rushes to judgment upon any such issues the Petitioner has already prepared and has available to fulfill my constitutional right to be (fully) heard upon the related matters.

**WHEREFORE**, your Petitioner moves the Court to reconsider and find that the prior Order remand should be VACATED, and further therein certifying the same jurisdiction reacquisition promptly to the instant state court clerk, and Petitioner further prays for all relief in the premises.

Respectfully submitted,

Benjamin A. Winderweedle
18713 West Edwards Road
Antioch, IL 60002-7231
Tel:    (847) 276-0378
Email:  bwinderweedle@hotmail.com
*Pro Se Petitioner Party of Record*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on this ___3rd___ day of May, 2018, a true and complete copy of the above *motion for reconsideration*, by depositing the same in first class postage-prepaid United States mail, is today being served upon each of the following:

*(removal Respondent State of Illinois)*
c/o Lisa M. Madigan, IL Attorney General
100 West Randolph Street, 12th Floor
Chicago, IL 60601-3218

*(state court GAL and Respondent herein)*
Nicole F. Slobe, Attorney at Law
1580 South Milwaukee Avenue, Suite 403
Libertyville, IL 60048-3775

*(state court family therapist, interested person)*
Jane Ballis, LCPC
Community Youth Network
18640 Belvidere Road
Grayslake, IL 60030

*(removal Respondent Julia)*
Julia M. Winderweedle
2322 Carriage Lane
Lindenhurst, IL 60046-8836

*(state court counsel for Respondent Julia)*
Raymond A. Boldt, Attorney at Law
209 East Park Street
Mundelein, IL 60060-1972

_____
Benjamin A. Winderweedle